Dear Ms. Kraemer:
This office is in receipt of your opinion request, wherein you ask whether an individual may simultaneously hold both the position of Coordinator of Student Life at Nicholls State University and an elective position as member of the Lafourche Parish School Board.
The provisions of the state Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., govern our response.
The definitional section of that law, LSA-R.S. 42:62, indicates that your position as Coordinator of Student Life at Nicholls is employment within the executive branch of state government. LSA-R.S. 42:62(3). This means, as per the prohibitions of LSA-R.S.42:62(D), that you would ordinarily be unable to hold an elective office as school board member while simultaneously serving in your position at Nicholls.
This prohibition, however, is subject to the exemptions found in LSA-R.S. 42:66. The exemption pertinent here is found in LSA-R.S.42:66(B) and states:
 Nothing in this part shall be construed to prevent a schoolteacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added.)
Thus, if your position at Nicholls is defined as employment "in a professional educational capacity," you are exempt from the restriction of LSA-R.S. 42:63(D).
According to the job description which you supplied with your opinion request, your position requires direct involvement with student programs and disciplinary matters. Among other things, the duties of the Coordinator of Student Life include "coordination of Student Union programming activities, . . . assisting the Dean in discipline matters, . . . administrative support for the sorority program, and administration of the exit interview program." Based on the job description above, it is apparent that the Coordinator of Student Life is employed in a professional educational capacity. The Coordinator is closely involved in matters of student discipline and recreation, and also serves in an administrative position within the Greek system at Nicholls. We think these functions are sufficient to constitute employment in a "professional educational capacity" with the University.
It is therefore the opinion of this office that the Coordinator of Student Life at Nicholls State University may hold a membership with the Lafourche Parish School Board without violating the Dual Officeholding Law of Louisiana.
I hope the foregoing has adequately addressed your question. If you require any further information, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams